

NUMBER 13-09-00626-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANDREW CANTU,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Andrew Cantu appeals from his conviction for the offense of possession

of more than four grams but less than 200 grams of cocaine, a second-degree felony.

*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Vernon 2010).   Cantu pleaded

guilty to the offense, but the trial court deferred adjudication and placed Cantu on

community supervision for a term of ten years.   Nearly a year after being placed on

deferred adjudication community supervision, the State filed its first motion to revoke. The trial court declined to revoke at that time, instead sanctioning Cantu and continuing him on community supervision. Almost one year after its first motion, the State filed a second motion to revoke, alleging that Cantu had violated the terms of community supervision. Cantu pleaded true to all of the allegations. The trial court then adjudicated Cantu's guilt and sentenced him to sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Concluding that Cantu's appeal in this case would be "wholly frivolous," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Cantu's court-appointed appellate counsel has filed a brief with this Court, stating that he has "examined the record herein" and in his professional opinion, "he finds the appeal to be wholly frivolous." After discussing Cantu's guilty plea, deferred adjudication and community supervision, revocation proceedings, six potential grounds for appeal, and the applicable law, counsel concludes that Cantu's appeal would be "wholly frivolous." *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Cantu's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) forwarded a copy of the brief and his request to withdraw as counsel to Cantu; and (3) informed Cantu of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Cantu has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Cantu's attorney has asked this Court for permission to withdraw as counsel for Cantu. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on December 8, 2010. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Cantu and to advise Cantu of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 27th
day of January, 2011.

---

[2] No substitute counsel will be appointed. Should Cantu wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4